## JOHNSON *v.* JOHNSON.

Divorce—Alimony—Excessive Award.

Where husband's net worth, as represented by his farm less indebtedness, was $1,752, exclusive of small amount of personal property, allowance to wife of $2,500 as alimony is excessive, and, on appeal, is reduced to $1,000.

As to effect of agreement for stipulated damages for breach of contract, see annotation in L. R. A. 1915B, 210.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 17, 1930. (Docket No. 71, Calendar No. 34,926.) Decided June 27, 1930.

Bill by Mae Rogers Johnson against August Johnson for divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Cross, Foote & Sessions,* for defendant.

POTTER, J. Plaintiff filed a bill for divorce against defendant asking for a division of defendant's property, maintenance, temporary alimony, solicitor's fees, and an injunction. Defendant answered, denying all the material allegations of the bill of complaint. The case was heard on pleadings and proof, an opinion filed, and decree entered for plaintiff. Defendant appeals.

The disputed questions involve the value of the defendant's property and the amount of permanent alimony, $2,500, awarded by the court to plaintiff. When, in 1919, plaintiff and defendant married, defendant had a farm of 80 acres and approximately $1,000 in money. After his marriage he built a new house on the farm. A barn on the premises burned. It is not seriously in dispute that at the time of the trial defendant owed $2,547.80 in addition to a $700 mortgage on the farm, or $3,247.80 in all. He had personal property of only nominal value. The testimony as to the value of defendant's farm took a wide range. The plaintiff and her witnesses testified it was worth nine thousand dollars. The defendant testified it was worth $4,200. Some witnesses were sworn who were familiar with the place and fair judges of its value. The supervisor of the

township in which the farm is located placed a value of the farm at $4,200. A banker in Kent City near the farm estimated its value at $4,600. One of defendant's neighbors called by him as a witness placed the value on the farm at $5,000, and another neighbor familiar with the farm, sworn by plaintiff, testified it was worth about $5,000.

We think the fair value of this farm as shown by the testimony is $5,000. This amount, less $3,247.80, the amount of indebtedness shown to be outstanding against defendant and his property, leaves the net worth of defendant $1,752.20, one-half of which would be $876.10. Even though defendant has personal property of some value, we think the award of the trial court was in excess of the amount which should have been awarded plaintiff, in view of defendant's equity in the property. The amount of alimony should be reduced to $1,000. A decree will be entered affirming the decree of the trial court except as to alimony, which will be fixed as indicated herein. No costs will be awarded.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.